19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marcus GOODWIN, Jr., Petitioner-Appellant,
v.
David McQUEN, and Attorney General of Kansas, Respondents-Appellees.
 No. 93-3179.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 We grant the right to appeal in forma pauperis in order to reach the merits of the case. Because petitioner has made a substantial showing of a possible denial of an important federal right we also grant a certificate of probable cause to proceed on appeal. Barefoot v. Estelle, 463 U.S. 880, 893 (1983).
 
 
 3
 Petitioner Marcus Goodwin, Jr., a state prisoner, appeals the dismissal of his 28 U.S.C. 2254 habeas corpus petition. In this collateral attack on his conviction, petitioner alleges that an improper jury instruction effectively relieved the government of the burden of proving intent beyond a reasonable doubt. Petitioner's conviction was affirmed on appeal two years before Sandstrom v. Montana, 442 U.S. 510 (1979), which rejected as unconstitutional the same instruction used at petitioner's trial. Petitioner seeks to have Sandstrom applied retroactively.
 
 
 4
 Petitioner was convicted in 1976 of aggravated robbery and aggravated burglary. At trial, his transcribed and signed confession was entered into evidence. The jury also heard testimony from a witness that petitioner was one of two men who brought items, including a shotgun and shoulder holster, to the witness's house that were later identified by the victim as some of the stolen property. Petitioner appealed his conviction, which was affirmed by the Kansas Supreme Court. State v. Goodwin, 573 P.2d 999 (1977). Petitioner pursued state post-conviction relief without success.
 
 
 5
 Petitioner then filed his 2254 petition. The district court first determined that Sandstrom established a "new rule" but that neither of the narrow exceptions in Penry v. Lynaugh, 492 U.S. 302, 329 (1989), applied to permit the retroactive application of Sandstrom to petitioner's habeas petition. Plaintiff argues that Sandstrom falls within an exception and should be applied retroactively. However, we do not reach that issue because we conclude that on the whole record any error in the instructions was harmless beyond a reasonable doubt. See Rose v. Clark, 478 U.S. 570, 580 (1986) (erroneous malice instruction that impermissibly shifted burden of proof does not require automatic reversal). We have reviewed the entire state court record as well as the briefs and record on appeal and believe that the prosecution established intent beyond a reasonable doubt, independent of the improper jury instruction. Cf. Hernandez v. Rayl, 944 F.2d 794, 797 (10th Cir.1991) (error not harmless because evidence of intent to murder was not established beyond reasonable doubt independent of improper instruction). The overwhelming evidence of petitioner's guilt supports the conclusion that any error in the jury instructions did not contribute to his conviction.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470